# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CONTINENTAL CAST STONE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-2026-KHV-TJJ |
| | ) | |
| G. SHELBY STORY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **NOTICE AND ORDER TO PLAINTIFF TO SHOW CAUSE**

**To Plaintiff Continental Cast Stone, LLC**

On January 15, 2020, Plaintiff Continental Cast Stone, LLC filed a Complaint naming as Defendants G. Shelby Story and Story Cast Stone, LLC.[1] The Complaint fails to allege facts sufficient for the Court to determine whether diversity of citizenship exists, as § 1332 requires. In paragraph 1 of the Complaint, Plaintiff alleges it is "a Kansas limited liability company with its principal place of business in Johnson County, Kansas." In paragraph 3 of the Complaint, Plaintiff alleges Defendant Story Cast Stone, LLC is "a Kansas limited liability company." And finally, in paragraph 2 of the Complaint, Plaintiff alleges Defendant G. Shelby Story is "an individual residing at 4616 Tomahawk Road, Prairie Village, Kansas 66208."

For diversity jurisdiction purposes, a person is a citizen of the state where he resides.[2]

---

[1] ECF No. 1.

[2] *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006).

The citizenship of a business entity is determined by its organizational structure. If the business is a corporation, it is a citizen of the state where it is incorporated and the state where its principal place of business is located.[3] If the business is a limited liability company, its citizenship is determined by the citizenship of each member of the LLC.[4]

Here, the Complaint identifies Plaintiff Continental Cast Stone, LLC's organizational structure as a limited liability company. But Plaintiff does not identify the citizenship of any of the members of Continental Cast Stone, LLC. The allegations thus fail to establish Continental Cast Stone, LLC's citizenship for diversity jurisdiction purposes.

Similarly, the Complaint identifies Defendant Story Cast Stone, LLC's organizational structure as a limited liability company. But neither does Plaintiff identify the citizenship of any of the members of Defendant Story Cast Stone, LLC. The allegations thus fail to establish Defendant Story Cast Stone, LLC's citizenship for diversity jurisdiction purposes. In addition, the individual Defendant G. Shelby Story is apparently a citizen of Kansas, which does not create diversity between Plaintiff and Defendant Story.

---

[3] 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

[4] See Siloam Springs Hotel, LLC v. Century Sur. Co., 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members."); *see also Birdsong v. Westglen Endoscopy Ctr., LLC*, 176 F. Supp. 2d 1245, 1248 (D. Kan. 2001).

Plaintiff bears the burden to establish that federal court jurisdiction is proper.[5] In addition, the Court has an independent obligation to satisfy itself that subject matter jurisdiction is proper,[6] and, "without jurisdiction, must dismiss the case."[7]

The Court cannot determine the citizenship of Plaintiff Continental Cast Stone, LLC or Defendant Story Cast Stone, LLC from the information Plaintiff has provided in the Complaint. Consequently, the Court cannot conclude that Plaintiff and all Defendants are diverse for purposes of subject matter jurisdiction. The Court thus directs Plaintiff to show cause in writing **on or before February 3, 2020** why the Court should not dismiss this case because it lacks subject matter jurisdiction over the action.

**IT IS THEREFORE ORDERED** that **on or before February 3, 2020,** Plaintiff Continental Cast Stone, LLC is required to show good cause in writing to U.S. District Judge Kathryn H. Vratil why the court should not dismiss this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 17th day of January, 2020.

*/s/ Teresa J. James*
Teresa J. James
U. S. Magistrate Judge

---

[5] *Wanjiku v. Johnson County, Kansas,* 173 F. Supp.3d 1217, 1223 (D. Kan. 2016).

[6] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

[7] *Wanjiku,* 173 F. Supp.3d at 1223.